# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT OFFICE

| | | |
|---|---|---|
| TOMEKA BOLES, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-cv-12915 |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN CORADIUS | ) | JURY TRIAL DEMANDED |
| INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, TOMEKA BOLES, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, AMERICAN CORADIUS INTERNATIONAL, LLC, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. TOMEKA BOLES, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Romulus, County of Wayne, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to WebBank (hereinafter, "the Debt").

6. The Debt was for a Pay Pal account which was for the personal use of Plaintiff and/or used for household expenditure.

7. Upon information and belief, Comenity Capital Bank purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. AMERICAN CORADIUS INTERNATIONAL, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of New York. Defendant is registered as a limited liability company in the state of New York.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Upon information and belief, Defendant was hired by Comenity Capital Bank to collect the Debt from Plaintiff.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. On or about May 18, 2016, Defendant initiated a telephone call to Plaintiff's parents home phone.

16. Despite having previous contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, in or around May of 2016, Defendant proceeded to contact Plaintiff's parents and leave a message on their answering machine.

17. During the course of the aforementioned telephone call, Defendant's representative did not state that she was calling to confirm or correct location information.

18. During the course of the aforementioned telephone call, Defendant's representative disclosed the name of Defendant despite not being expressly requested to do so.

19. During the course of the aforementioned telephone conversation, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

20. Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, Defendant has initiated multiple telephone calls to Plaintiff's parents including calls on May 18, 2016, May 19, 2016, May 20, 2016, May 28, 2016, June 9, 2016, June 11, 2016, and June 16, 2016.

21. Plaintiff's parents did not request that they be contacted by Defendant.

22. Plaintiff did not consent to Defendant contacting third parties.

23. In its attempts to collect the debt allegedly owed by Plaintiff to Comenity Capital Bank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

24. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

25. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TOMEKA BOLES, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

                                              Respectfully submitted,
                                              **TOMEKA BOLES**

                                    By:   s/ Larry P. Smith
                                             Attorney for Plaintiff

<u>Dated: August 10, 2016</u>

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:   (312) 324-3532
Facsimile:   (888) 418-1277
E-Mail:        lsmith@smithmarco.com